IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARYANN MUELLER, Individually and as Representative of the Estate of MARK MUELLER,<br><br>Plaintiff,<br><br>v.<br><br>FRANK CRYSTAL & CO., INC., FRANK CRYSTAL & CO. OF TEXAS, INC., MUTUAL OF OMAHA INSURANCE COMPANY, AND UNITED OF OMAHA LIFE INSURANCE COMPANY, AND EVELYN RUBENSTEIN JEWISH COMMUNITY CENTER<br>Defendants. | § § § § § § § § § § § § § § § § § § § | C.A. NO. 4:17-CV-00050 |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Maryann Mueller, Individually and as Representative of the Estate of Mark Mueller, Plaintiff in the above-styled and numbered cause, files her First Amended Complaint against Defendants Frank Crystal & Co., Inc., Frank Crystal & Co. of Texas, Inc. (together with Frank Crystal & Co., Inc. "CC"), Mutual of Omaha Insurance Company ("MoO"), and United of Omaha Life Insurance Company ("UOLIC"), and Evelyn Rubenstein Jewish Community Center ("ERJCC") in accordance with FED. R. CIV. P. 14(a)(3). Plaintiff respectfully shows the Court the following:

### I. INTRODUCTION

1. This is a suit for money damages on behalf of Plaintiff as a result of Defendants' wrongful actions outlined below.

2.      CC is the agent broker for ERJCC, and sold a Group Life Insurance plan that benefited Mark Mueller and his wife, Maryann Mueller. The plan was offered by Plaintiff's employer, ERJCC, as part of employee benefits plan. CC presented the Group Life Insurance Plan to Plaintiff in July 2014 ("the Plan"). The ERJCC Open Enrollment Presentation co-sponsored and presented by CC states the effective date of the Plan and outlines the Supplement Life Insurance Plaintiff purchased for her husband.[1] The Policy was underwritten by UOLIC. Plaintiff, as a plan beneficiary, expected to enjoy the benefits of her life insurance coverage as defined in the Plan.

3.      Ms. Mueller applied for the life insurance benefits offered and presented by CC and ERJCC for her husband, Mark Mueller, on August 22, 2014. The insuring agreement provides that ERJCC is the Administrator of the Plan, describes the Plan as "Your employer's Policy," provides for ERJCC's involvement in applications for coverage and submission of claims, directs employees to contact ERJCC for information about the Plan, and authorizes ERJCC to change or terminate the Plan.[2] According to the Enrollment Form prepared by ERJCC and underwritten by MoO, Plaintiff's coverage was effective beginning September 1, 2014. On the same date, ERJCC began deducting premiums from Ms. Mueller's pay for Mr. Mueller's life insurance coverage. ERJCC forwarded the Enrollment Form to MoO on or about September 10, 2014. On September 10, 2014, ERJCC received confirmation from MoO that Mr. Mueller, Plaintiff's spouse,

---

[1] Exhibit "A," ERJCC Open Enrollment Presentation at MUELLER 00003, 00022-00023.
[2] *See* Doc. No. 4, Exhibit 1 to Defendant Omaha Life Ins. Co.'s Motion to Dismiss at pp. 3, 4, 42, 47-50.

2

was covered by a $35,000 life insurance policy.[3] From September 1, 2014 onward Plaintiff continued paying the premiums for her husband's life insurance.

4. Mr. Mueller passed away on December 4, 2014. Shortly thereafter, ERJCC began handling Plaintiff's life insurance benefits claim. Plaintiff learned from EJRCC's Human Resources department that MoO refused to pay the $35,000 due under the Policy.

## II. JURISDICTION & VENUE

5. Venue is proper in the Southern District of Texas because Defendants conducted their business in the district and because the Southern District is where the breach took place. 29 U.S.C.A. 1132(e)(2). Additionally, a substantial part of the acts or omissions occurred within the district, as Plaintiff's representative transaction giving rise to this litigation and complained of herein occurred there. 28 U.S.C.A. 1391(a). Furthermore, the Court has subject matter jurisdiction pursuant to the Employee Retirement Income Security Act ("ERISA").

6. This Court has jurisdiction over this controversy because the damages sought by Plaintiff are within the jurisdictional limits of this Court.

## III. THE PARTIES

7. Plaintiff, Maryann Mueller is an individual residing in Harris County, Texas.

8. Defendant Frank Crystal & Co., Inc. is a foreign for-profit corporation doing business in the State of Texas and has made an appearance herein.

---

[3] Exhibit "B," September 10, 2014 Mutual of Omaha Employer Access Printout.

9. Defendant Frank Crystal & Co. of Texas, Inc. is a domestic for-profit corporation doing business in the State of Texas and has made an appearance herein.

10. Defendant Mutual of Omaha Insurance Company is a foreign corporation doing business in the State of Texas and has made an appearance herein.

11. Defendant United of Omaha Life Insurance Company is a foreign corporation doing business in the State of Texas and has made an appearance herein.

12. Defendant Evelyn Rubenstein Jewish Community Center is a domestic for-profit corporation doing business in the State of Texas and has made an appearance herein.

## IV. PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANTS

### A. CC's Violation of 29 U.S.C. § 1132(a)(1)(B)

13. Plaintiff sues to recover benefits due under the terms of the Plan, and to enforce rights under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B). Specifically, in July 2014, Plaintiff attended a presentation on the ERJCC 2014-2015 Benefits Program conducted by CC. Based on the representations by CC Plaintiff believed all that was required to provide her husband life insurance coverage through her employer's plan was to fill out the enrollment form provided by CC during its presentation and pay the bi-weekly premiums. Based on CC's representations, Plaintiff reasonably expected that her husband would be covered by the Plan presented by CC.

14. CC is subject to ERISA because it is a fiduciary. 29 U.S.C. § 1002(21). In July CC made affirmative statements about future plan benefits to Plaintiff. CC's representatives made clear that Plaintiff would be entitled to a spousal life insurance

4

benefit so long as Plaintiff abided by CC's clear instructions to obtain those benefits. In making these representatives CC materially misled Plaintiff. CC acted like a fiduciary with respect to the Plan because it intentionally connected its statements and actions with statements in the enrollment forms so that its overall communication/presentation to Plaintiff and other ERJCC employees was materially misleading. CC caused Plaintiff to rely on its misrepresentations to her and her husband's detriment. As a result, Plaintiff was unlawfully denied her right to receive proceeds as listed under the terms of the Plan.

15. In addition to these Plan benefits, Plaintiff is entitled to recover statutory relief as deemed appropriate by this Court, including attorney's fees as appropriate.

### B. CC's Violation of 29 U.S.C. § 1132(a)(3)

16. CC violated 29 U.S.C. § 1132(a)(3), breaching its fiduciary duty to Plaintiff. CC acted like a fiduciary with respect to the Plan at issue because it while it conducted the ERJCC 2014-2015 Benefits Program it intentionally connected its statements and actions with statements in the enrollment forms so that its overall communication to Plaintiff and other ERJCC employees was materially misleading. Moreover, CC breached its fiduciary duty to act with the same care, skill, prudence, and diligence a prudent insurance broker would have used under the circumstances because it gave Plaintiff misleading statements and provided Plaintiff misleading information about the Plan. A prudent insurance broker with CC's experience with ERJCC would not have given a misleading presentation and provided misleading enrollment forms for ERJCC employees. CC should have known that the combination of a misleading presentation, misleading enrollment form, and short deadline to return enrollment forms would be

5

detrimental to Plaintiff and her beneficiaries. Indeed, it seems even ERJCC's Benefit Manager was misled by CC's presentation and the enrollment forms.[4]

17.     Specifically, CC gave its presentation in July. It has been ERJCC's insurance broker for over a decade. When CC gave its July 2014 presentation it stated that the effective coverage date would be September 1, 2014. Additionally, CC provided enrollment forms for every ERJCC employee during the presentation. Plaintiff received an enrollment form and believed, based on the language of the enrollment form and CC's presentation, that all that was required of her was to complete the form and pay the premiums for the voluntary life insurance for her husband's life insurance coverage to begin September 1, 2014. The enrollment form clearly states that if Plaintiff is enrolling for coverage in excess of $50,000, Plaintiff must complete and submit an Evidence of Insurability form.[5] Plaintiff reasonably interpreted that to mean that she did not have to complete and submit an Evidence of Insurability form because Plaintiff only purchased life insurance coverage up to $35,000 for her husband.

18.     In addition to these Plan benefits, Plaintiff is entitled to recover statutory, equitable, and any other relief as deemed appropriate by this Court, including attorney's fees as appropriate.

---

[4] Exhibit "C," UOO-MUELLER 000067 - Email from ERJCC's Benefits Manager stating, "After speaking with you, I learned that [all 7 employees who signed up for voluntary life insurance] required Evidence of Insurability forms."

[5] Exhibit "D," UOO-MUELER 000075-76 - Enrollment Form.

### C. MoO and UOLIC's Violation of 29 U.S.C. § 1132(a)(1)(B)

19. Additionally, Plaintiff sues to recover benefits due under the terms of the Plan, and to enforce rights under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B) against MoO and UOLIC. Defendants MoO and UOLIC continued to accept and retain money representing Plan premium payments from Plaintiff, and then unlawfully denied Plaintiff's properly submitted and accepted life insurance claim.

20. MoO and UOLIC also failed to notify Mr. Mueller or Plaintiff that Mr. Mueller's benefits under the Plan did not exist because there was not an open enrollment. This, despite the representations of MoO and UOLIC concerning Plaintiff's purchase of spousal coverage.

21. In addition to these Plan benefits, Plaintiff is entitled to recover statutory relief as deemed appropriate by this Court, including attorney's fees as appropriate.

### D. ERJCC's Violation of 29 U.S.C. § 1132(a)(1)(B)

22. Additionally, Plaintiff sues to recover benefits due under the terms of the Plan, and to enforce rights under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B) against ERJCC. Defendant ERJCC continued to accept, retain, and forward money representing Plan premium payments from Plaintiff, and then unlawfully denied Plaintiff's properly submitted and accepted life insurance claim.

23. On September 11, 2014, ERJCC received an email from MoO notifying ERJCC that ERJCC "does not have an open enrollment or an annual increase option for

an effective date of 9/1/2014."[6] MoO instructed ERJCC to discontinue deducting premium payments from Plaintiff's paycheck in the same email. However, ERJCC continued to deduct the premiums from Plaintiff's pay and never notified Plaintiff of the email sent to it by MoO on September 11, 2014 — one day after Plaintiff received confirmation from MoO that her husband was covered by the life insurance Plaintiff purchased on August 22, 2014.

24. Defendant ERJCC is subject to ERISA because ERJCC: (1) has discretionary authority or control respecting the management of the Plan's assets and (2) has discretionary authority or responsibility in the administration of the Plan. 29 U.S.C. § 1002(21)(A). ERJCC is the Administrator of the Plan. The Plan describes the insurance policy as "Your employer's Policy." The Plan provides for ERJCC's involvement in applications for coverage and submission of claims, directs employees to contact ERJCC for information about the Plan, and authorizes ERJCC to change or terminate the Plan. Therefore, Defendant ERJCC violated 29 U.S.C. § 1132(a)(1)(B) by interfering with Plaintiff's rights and benefits under the terms of the contract.

25. In addition to these Plan benefits, Plaintiff is entitled to recover statutory relief as deemed appropriate by this Court, including attorney's fees as appropriate.

## V. CONDITIONS PRECEDENT

26. All conditions precedent to Plaintiff's right to relief have been performed or have been satisfied.

---

[6] *See* Doc. No. 29-1, Defendants MoO and UOLIC's Third-Party Complaint against ERJCC at ¶ 24.

## VII. REQUEST FOR RELIEF

27. Plaintiff has incurred economic damages as a result of Defendants' conduct as described above. Additionally, Plaintiff will continue to suffer future harm as a result of Defendants' conduct. As a result, Plaintiff is entitled to and prays for the following damages against Defendants:

    (a) payment of all unpaid and improperly denied life insurance benefits claims;

    (b) equitable relief to include any and all damages that is necessary to make Plaintiff whole;

    (c) a reasonable sum for attorney's fees, as found by the Court, with conditional sums for the services of Plaintiff's attorneys in the event of subsequent appeals;

    (d) pre- and post-judgment interest on the judgment at the rate provided by law from the date of judgment until paid;

    (e) costs of suit; and,

    (f) such other and further relief to which Plaintiff may be justly entitled.

Plaintiff respectfully requests that Defendants Frank Crystal & Co., Inc., Frank Crystal & Co. of Texas, Inc., Mutual of Omaha Insurance Company, United of Omaha Life Insurance Company, and Evelyn Rubenstein Jewish Community Center be cited to appear and answer herein, that a judgment be entered for Plaintiff against Defendants for damages as described above and for such other and further relief whether at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**DAVIS LAW GROUP**

By:   */s/ Joshua P. Davis*
      Joshua P. Davis
      State Bar No. 24055379
      Federal I.D. No. 1109971
1010 Lamar, Suite 200
Houston, Texas 77002
(713) 337-4100/Phone
(713) 337-4101 /Fax
*josh@thejdfirm.com*

**Attorney-in-Charge for Plaintiff**

**Of Counsel:**

DAVIS LAW GROUP
Katherine Ray
State Bar No. 24091634
Federal I.D. No. 262767-
*katie@thejdfirm.com*

# CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been served on all counsel of record via ECF in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on July 12, 2017 as follows:

| | |
|---|---|
| William L. Davis<br>Julie A. Farmer<br>JACKSON LEWIS P.C.<br>909 Fannin, Suite 3300<br>Houston, Texas 77010<br><br>H. Dwayne Newton<br>Jon L. McNeely<br>NEWTON JONES & SPAETH<br>3405 Marquart<br>Houston, Texas 77027 | Linda P. Wills<br>Marjorie Cohen<br>WILSON, ELSER, MOSKOWITZ,<br>  EDELMAN & DICKER LLP<br>909 Fannin, Suite 3300<br>Houston, Texas 77010 |

                                           */s/ Joshua P. Davis*
                                           Joshua P. Davis